# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODYSSEY REINSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>UNISON AGREEMENT CORP., *et. al.*,<br><br>Defendants. | Case No.: 3:21-cv-011-BTM-WVG<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>**[ECF No. 6]** |

Pending before the Court is Defendants Unison Agreement Corporation's, Odin New Horizon Real Estate Fund LP's ("Odin LP"), and Odin New Horizon General Partner, LLC's ("Odin GP") motion to dismiss. (ECF No. 6 ("Mot.").)[1] For the reasons discussed below, the Court grants the motion to dismiss.

## BACKGROUND

Odyssey Reinsurance Company is a property and casualty insurer and reinsurer based and incorporated in Connecticut. (ECF No. 1 ("Compl."), 1 (¶ 1).)

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

Cal-Regent Insurance Company was a California insurance corporation based in El Cajon. (*Id.* at 3 (¶ 8).) It was co-owned by Richard Nagby and his ex-wife Dianne Dostalik. (*Id.* (¶ 7).)

After a series of reinsurance deals fell through and Cal-Regent refused to pay its debt under the contracts, Odyssey sued Cal-Regent in the District of Connecticut. (*Id.* (¶ 9).) The court entered judgments against Cal-Regent and for Odyssey in the amount of $3,200,000. (*Id.*) Around the same time, Nagby and Dostalik transferred Cal-Regent's business to a new corporation, Pacific Brokers Insurance Services . (*Id.* (¶ 10).) They thereafter sold Pacific Brokers to AmTrust North America, Inc., an unrelated third party, in a deal that included a $2,500,000 down payment to Dostalik. (*Id.*)

Odyssey then filed suit in this Court to enforce the District of Connecticut's judgment. (*Id.* at 3–4 (¶ 11) (citing *Odyssey Reinsurance Company v. Nagby et. al.*, Case No. 3:16-cv-03038-BTM-WVG).) It named, among others, Dostalik and Pacific Brokers and claimed that the AmTrust deal was void as a fraudulent transfer. (*Id.*)

During the course of those proceedings, Odyssey discovered Dostalik was in the process of selling her home in El Cajon and sought a temporary restraining order preventing her from selling the property. (*Id.* (¶ 14).) On November 7, 2018, the Court granted the TRO and ordered that, if the El Cajon property is sold, all sale proceeds must be deposited in the court registry after deducting the first mortgage and certain taxes and fees. (*Id.* at 4–5 (¶ 15); Case No. 3:16-cv-03038, ECF No. 194.)

In April 2019, while the TRO was in effect, unbeknownst to Odyssey, Dostalik received a $144,375 loan secured in the El Cajon property from Unison. (Compl., 6 (¶ 19).) In exchange, Dostalik would repay that amount, plus half of any appreciation in the value of the El Cajon property when sold. (*Id.*) Unison recorded its agreement with Dostalik, a deed of trust and security agreement, and an

assignment with the San Diego County Recorder. (*Id.* at 6–7 (¶¶ 20–21).)

A few months later, after finding Dostalik in contempt for failing to pay certain funds into the court registry, the Court converted the TRO into a preliminary injunction. (Compl., 5 (¶ 16); Case No. 3:16-cv-03038, ECF Nos. 287, 288.)

On August 30, 2019, the Court entered its judgment awarding Odyssey $3,208,150.68 in damages against Dostalik and set forth the following conditions on the sale of the El Cajon property:

> 3.2 Upon sale of the real property at 2201 Weld Boulevard, City of El Cajon, County of San Diego, State of California, having APN 386-652-33-00, the sales proceeds shall be paid to the registry of the United States District Court, Southern District of California, after deducting:
>
>     3.2.1 Any unpaid real property taxes and assessments then due and owing;
>     3.2.2 All sums secured by the existing first mortgage;
>     3.2.3 Brokerage commission;
>     3.2.4 Prorations, escrow fees, and closing costs
>
> the proceeds of which shall be held pending a determination by the Court as to what extent, if any, they should be applied to satisfaction of this Judgment.

(Compl., 5 (¶ 17); Case No. 3:16-cv-03038, ECF No. 325.) Odyssey filed an abstract of judgment with the San Diego County Clerk on September 9, 2019. (Compl., 5 (¶ 17).)

In December 2019, after Dostalik absconded and the Court issued a warrant for her arrest, she entered into a contract for the sale of the El Cajon property. (*Id.* at 7–8 (¶ 22–27).) It appears that Dostalik did not disclose the TRO or injunctions to the buyers. (*Id.* at 8 (¶ 25).) Odyssey permitted the sale to proceed, and on March 17, 2020, sent a letter to escrow demanding that the net sale proceeds be deposited to the Court's registry and reserving its right to take action against Unison if it received any sale proceeds. (*Id.* (¶ 26), 87–88 (Ex. 9).)

On April 7, 2020, escrow on the El Cajon property closed. (*Id.* (¶ 27).)

Odyssey alleges that Unison and/or one of its related entities, Odin LP or Odin GP, received $144,675 from escrow. (*Id.*) The remaining proceeds were disbursed to the Court's registry. (*Id.* ¶ 28.)

On January 5, 2021, initiated the present suit. Unison, Odin LP, and Odin GP now move to dismiss the complaint for failure to state a claim. (Mot.) The Court held oral argument on June 23, 2021.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8, each pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Each allegation must be simple, concise, and direct." *Id.*

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint may survive a motion to dismiss only if it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations

4

3:21-cv-011-BTM-WVG

omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Velez v. Cloghan Concepts LLC*, 387 F. Supp. 3d 1072, 1078 (S.D. Cal. 2019) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)).

## DISCUSSION

Unison contends that dismissal is warranted because (1) Odyssey did not allege that either Odin party engaged in wrongdoing, (2) neither the TRO or preliminary injunction prohibited Dostalik from entering into a contractual relationship with Dostalik, and (3) Unison's deed of trust had lien priority over Odyssey's abstract of judgment under California law because it was recorded first. (Mot.) Odyssey opposes on the grounds that its claims are based on the Court's judgment and injunctions, which specifically enjoined "all those acting in concert" with Dostalik and that California law gives its claim priority over Unison's. (ECF No. 12.)

The Court grants the motion to dismiss. Though the factual allegations underpinning Odyssey's complaint are clear, the Court cannot decipher the specific claims it is asserting. (Compl., 9–10 (¶¶ 29–36.) The Court is unsure what claims Odyssey is asserting and oral argument did not resolve the ambiguity. At oral argument, Odyssey argued that it is suing to enforce the judgment but then it said it was suing for conversion. It also argued the second cause of action may be moot because it is not moving for contempt. Accordingly, Odyssey has not provided fair notice of its claims and dismissal without prejudice is warranted. *See Twombly*, 550 U.S. at 555.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to dismiss **WITHOUT PREJUDICE.** The Court **GRANTS** Odyssey leave to amend its complaint within 30 days of the entry of this order. Unison, Odin LP, and Odin GP shall file a response to the amended complaint within 21 days of the service of any amended complaint.

**IT IS SO ORDERED.**

Dated: June 23, 2021

_____
Honorable Barry Ted Moskowitz
United States District Judge